# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ELLIOTT HAROLD FINCH, JR.**                                                   **PLAINTIFF**
**ADC #163035**

**VS.**                                          **4:20-CV-00264-BRW**

**LESLIE RUTLEDGE,** *et al*.                                              **DEFENDANTS**

## ORDER

Plaintiff, an Arkansas Department of Corrections ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983, and submitted a Motion to Proceed *In Forma Pauperis* (Doc. Nos. 1, 2). Because Plaintiff provided the documentation required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.[1] However, the Complaint is DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

**I.**     ***In Forma Pauperis* Application**

If a prisoner is permitted to file a civil action *in forma pauperis,* he still must pay the $350.00 filing fee.[2] The only question is whether he will pay the entire filing fee at the beginning of the lawsuit or pay in installments over a period of time.[3] To proceed *in forma*

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2):

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[2] 28 U.S.C. §1915(b)(1).

[3] *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

*pauperis*, an inmate must file an application and attach a calculation sheet that shows his trust account balances.[4] Based on the information provided, the Court will determine how the filing fee is to be paid. If an inmate is allowed to pay over time, he has to pay all of the filing fee, even if the case is dismissed before trial, and no part of the fee will be refunded.

Plaintiff's calculation sheet shows that he has an average monthly deposit of $16.83.[5] Accordingly, I will assess an initial partial filing fee of $3.36. His present custodian, the Warden of the Varner Unit of the ADC, or his designee, or any future custodian, will collect the will collect the initial partial filing fee and thereafter the remainder of the $350.00 filing fee in monthly payments of 20% of the preceding month's income credited to Plaintiff's inmate trust account, whenever the account has more than $10.00. The payments should be clearly identified by the name and number assigned to this action.

## II.      Screening

I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[6] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[7]

Plaintiff alleges he was unlawfully denied bail at all times up to his November 30, 2016, state court conviction. All of the alleged unlawful conduct about which he complains dates back

---

[4] The calculation sheet must be signed by an authorized officer at the facility or unit where the inmate is being held.

[5] Doc. No. 1.

[6] 28 U.S.C. § 1915A; 28 U.S.C. § 1915.

[7] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e).

to November 30, 2016, at the latest.[8]   He sued defendants under 42 U.S.C. § 1983.[9]   The statute of limitations for § 1983 claims in Arkansas is three years.[10]   Because the alleged unlawful actions took place more than three years before Plaintiff filed this case on March 12, 2020, Plaintiff's claims are time barred and must be dismissed.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is GRANTED. Plaintiff's custodian, his designee, or any future custodian, is directed to collect the initial partial filing fee of $3.36 and thereafter monthly payments equal to 20% of the preceding month's income in his prison account, each time the amount in that account is greater than $10, until a total of $350 has been paid. The payments should be clearly identified by the name and number assigned to this action.

2. The Clerk is directed to send a copy of this Order to: the Arkansas Department of Corrections Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Corrections Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden of the Varner Unit of the Arkansas Department of Corrections, P.O. Box 600, Grady, Arkansas 71644.

---

[8] Doc. No. 2.

[9] *Id*.

[10] *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

3. The complaint is DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.[11]  Dismissal constitutes a strike.[12]

4. Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is DENIED.

5. I certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.[13]

IT IS SO ORDERED this 13th day of March, 2020.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 1915A.

[12] 28 U.S.C. § 1915(g).

[13] 28 U.S.C. § 1915(a)(3).